### Sackett & Reed vs. Barnum.
### Sharpe & Clark vs. The Same.

An agreement, between a *purchaser* and a *vendor* of real estate, where the consideration money of the purchase is to be paid in *installments*, and the purchaser enters into possession, that the vendor may collect the moneys as they become due by *distress*, or otherwise, *as for so much rent due*, will not entitle the vendor to a preference over judgment creditors, *as landlord of demised premises*, in case of a sale of the purchaser's property under execution, and notice given by the vendor claiming the amount *due* on the contract as *rent*.

Landlord and tenant. Writs of *fi. fa.* upon judgments, amounting to $800 and upwards, in favor of the above plaintiffs, were issued to the sheriff of Franklin county, in November, 1839, returnable in January following. The sheriff levied, and on the 15th January, 1840, sold all the personal property of the defendant, who was insolvent, for $163. R. A. & W. *Weed*, on the 23d December, 1839, gave the sheriff notice, that the sum of $210,61 was due to them from the defendant Barnum, for rent, as landlords of the premises on which the property was taken, which sum they claimed as a balance of rent which became due on the

Sackett v. Burnum.

15th July, 1839, for the use and occupation of the premises from January 1, 1839, to January 1, 1840. The rent was claimed under the following circumstances: On the 13th July, 1839, a sealed agreement was made between the *Weeds* of the first part, and *Barnum* of the second part, by which the Weeds, on performance of the contract by Barnum, covenanted to *execute to him a deed of conveyance* of a farm containing 160 acres of land, being the premises on which the sheriff took the goods. Barnum covenanted, among other things, to pay the Weeds *for the land* $1635, as follows: $235 on the 15th of July then instant, and the remaining sum of $1400 in fourteen equal annual payments, with interest annually, the first payment to be made on the 1st June, 1840. It was mutually agreed that Burnum should take immediate possession of the premises *as tenant* to the Weeds; "and in consideration whereof, and in order the better to secure the payments on this contract, it is admitted and agreed that *the relation of landlord and tenant* shall, and does henceforth exist between the parties to all intents and purposes, and that the parties of the first part may collect and recover all monies becoming or to become due on this contract of and from the party of the second part, *by distress* or otherwise, *as for so much rent due ;*" and in case Barnum should fail " in the payment of *the principal and interest* above mentioned," at the proper times, it was agreed that the Weeds might " consider and treat him *as a tenant holding over without permission after non-payment of rent,*" and turn him out of possession, and thereupon the contract was to be at an end, and the Weeds were to be at liberty *to sell* and dispose of the property to any person.

The Weeds, in their affidavit, allege that the annual value of the property is $115. They claim, that the payments mentioned in the contract as they respectively fall due, may be considered as rent, and that the sum of $210,61, being a balance unpaid of the moneys which became payable two days after the writings were executed, may be collected as rent, and that they have a preference over the execution cred-

itors. The sheriff refused to pay over the moneys made by the sale of Barnum's goods to the plaintiffs.

At the *April special term*, *I. Williams*, on behalf of the plaintiffs, and on notice to the sheriff and the Weeds, moved for an order on the sheriff to pay over to the execution creditors the money levied.

*A. Tabor*, opposed the motion, on behalf of the sheriff and the Weeds.

*By the Court*, BRONSON, J. This was a contract for the sale of land. The consideration was to be paid in installments, and the conveyance to be executed when the payments were completed. The vendee was to have possession of the property in the meantime, and to pay interest on the purchase money. It was, for most purposes, equivalent to a present conveyance by the vendors, with a mortgage back to secure the payment of the purchase money. The several payments which the vendee was to make, were not a rent or return for the temporary enjoyment of the land— they were not reserved out of the annual profits by way of recompense or retribution for the possession of the property, but they were a part of the consideration for the sale—the price of the land itself, with the addition of interest, because the payments were postponed to future periods. On default of payment, the parties have stipulated for a remedy by distress, as for so much rent due. Whatever may be the legal effect of this agreement, as between the parties to it, I think they could not, as against third persons, turn the price of the land itself into rent, and thus acquire a preference over the execution creditors of the vendee. The goods were not upon *demised premises*, and there was no *rent* due, within the meaning of the statute. 2 *R. S.* 746, § 12.

In *Saunders* v. *Musgrave*, 6 *Barn. & Cress.* 524, 9 *Dowl. & Ryl.* 529, and 2 *Carr. & Payne*, 294, *S. C.*, there was a contract to convey at a future period, on payment of the price of the land, without interest. It was further

agreed, that in the meantime the vendee should pay the vendor £100 per annum from the time of taking possession until the completion of the purchase, in equal half yearly payments. The vendee had been in possession more than half a year when an execution was levied on his goods, and it was held against the opinion of *Abbott*, Ch. J. before whom the cause was tried at *nisi prius*, that the vendor, as to £50 for the half year's enjoyment, was entitled to a preference, under the statute, 8 *Anne, ch.* 14, over the execution creditor. But it will be observed, that the £100 to be paid annually for the possession, was *no part of the purchase money*. In that respect it plainly differs from the case at bar, where the vendors have attempted to turn the purchase money into rent. The case of *Hope* v. *Booth*, 1 *Barn. & Adol.* 498, seems not to be in accordance with the decision in *Saunders* v. *Musgrave*; but whether the two cases can be reconciled or not, I find no authority which will warrant the Weeds in the assertion of their claim to a preference over the execution creditors of Barnum. As they have had notice, and have been heard upon this motion, they will be bound by the decision. The plaintiffs in the two executions are entitled to the money in the hands of the sheriff.

Motion granted.